# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**CARLTON & HARRIS CHIROPRACTIC INC.**, individually and as the representative of a class of similarly situated persons,

      **Plaintiff,**

v.                                                 Case No.:  3:15-cv-14887

**PDR NETWORK, LLC,** *et al.,*

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Protective Order. (ECF No. 119). For the reasons that follow, the Court **GRANTS** the motion.

**I.**      **Relevant Facts**

This is a putative class action alleging violations of the federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005 (the "Act"). Plaintiff alleges that Defendants sent unsolicited advertisements via facsimile (the "advertisements"), including in December 2013, with the goal of having class members download a free digital version of the Physicians' Desk Reference ("PDR"), a resource that contains detailed information about pharmaceuticals listed in the reference. (ECF No. 82 at 3-4). The advertisements provided instruction on how to obtain the free digital PDR, or PDR eBook. Plaintiff alleges that "Defendants receive money from the pharmaceutical companies whose drugs are listed in the *Physicians' Desk Reference,* and, on information and belief, the amount of money that Defendants receive from the drug

1

companies whose products are featured in the 2014 PDR e-Book turns on how many copies of the 2014 PDR e-Book Defendants distribute, and so Defendants stand to profit when a provider accepts a free copy." (ECF No. 82 at 5). This allegation by Plaintiff has been described by various courts as the "commission allegation." Proving this allegation is crucial to Plaintiff's case, because the Act only applies to communications that have a commercial component or nexus. *See Carlton & Harris Chiropractic, LLC v. PDR Network, LLC,* 80 F.4th 466, 475 (4th Cir. 2023).

On October 19, 2023, this Court entered an Order limiting discovery to the commission allegation. (ECF No. 103). The Court granted the parties through and including April 16, 2024 to complete the discovery, with motions for summary judgment due on April 30, 2024.

## II. Discussion

Federal Rule of Civil Procedure 30 allows a party to depose an organization through a designated representative. *See* Fed. R. Civ. P. 30(b)(6). The party seeking the deposition must serve on every other party a reasonable written notice of the deposition. "Any paper after the complaint that is required to be served must be filed no later than a reasonable time after service." Fed. R. Civ. P. 5(d)(A).

Here, Defendants failed to file a Notice of Deposition as required by the Rules of Civil Procedure. However, the parties indicate that the notice was served on April 4, 2024, setting the deposition for April 11, 2024. Rule 30(b)(6) requires the party seeking the deposition and the organization to confer in good faith about the matters for examination before or promptly after the notice is served. When the parties in this case conferred, they could not reach an agreement on the topics, so the Motion for Protective Order was filed on April 10, 2024. Briefing on the motion was not completed until April 22, 2024. (ECF

No. 124).

Unfortunately for Defendants, the discovery deadline has since expired, and it expired before the Motion for Protective Order could even be fully briefed. Therefore, Defendants simply waited too late in the discovery process to notice a Rule 30(b)(6) deposition; particularly, given the obligation on the party noticing the deposition to discuss the topics of examination with the organization and to meet and confer if disputes arose. Moreover, it takes time for the organization to designate a representative and prepare that person for the deposition. For some inexplicable reason, the lawyers in this case have failed to file the required Notices and Certificates of Service; however, based upon what is available in the record, it appears that discovery officially began around October 19, 2023. Despite knowing that the time for conducting discovery was only six months, the parties did nothing until February 7, 2024 when Plaintiff served its first set of discovery requests. (ECF No. 117 at 2). Bearing in mind that the party served with discovery generally has thirty days to respond, and the party serving the discovery has thirty days thereafter to file a motion to compel, Plaintiff's discovery requests were filed just in the nick of time. No justification for the parties' delay in seeking discovery has been provided, and any extension of the discovery deadline must be ordered by the presiding District Judge. Therefore, the Motion is granted. It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 26, 2024

Cheryl A. Eifert
United States Magistrate Judge