IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| CARLTON & HARRIS CHIROPRACTIC, INC., individually and as the representative of a class of similarly-situated persons,<br><br>            Plaintiff,<br><br>v.<br><br>PDR NETWORK, LLC, PDR DISTRIBUTION, LLC, PDR EQUITY, LLC and JOHN DOES 1-10,<br><br>            Defendants. | Case No. 3:15-cv-14887 (RCC) |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF REGARDING *PULSE8*
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's Order (Doc. 133), Plaintiff, Carlton & Harris Chiropractic, Inc., states as follows regarding the Fourth Circuit's decision in *Family Health Physical Medicine, LLC v. Pulse8, LLC*, 105 F.4th 567 (4th Cir. 2024) ("*Pulse8*"), and in response to the Supplemental Brief filed by Defendants, PDR Network, LLC, PDR Distribution, LLC, and PDR Equity, LLC ("Defendants" or "PDR") (Doc. 136). As argued below, *Pulse8* only confirms that PDR's Motion for Summary Judgment (Doc. 129) should be denied.

In *Pulse8*, the defendant argued that "a fax which offers something for free is commercial *only* if there is a 'direct mechanism by which the sender will profit if the offer is accepted,'" under the Fourth Circuit's most recent opinion in this case, *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 80 F.4th 466, 474 (4th Cir. 2023) ("*PDR Network VI*"). *Pulse8*, 105 F.4th at 571 (quoting Pulse8 Suppl. Br. at 1). The Fourth Circuit rejected that interpretation of *PDR Network VI*, holding there is no requirement that there be a "direct mechanism" by which the sender will profit if the recipient accepts the free good or service, and

reiterating that to qualify as an "advertisement" under the TCPA, there need only be some "'commercial nexus' between the fax and 'the sender's business—its property, products, or services.'" *Id.* (quoting *PDR Network VI*, 80 F.4th at 474). The Fourth Circuit discussed the free-seminar fax in *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc.*, 847 F.3d 92 (2d Cir. 2017), as a "prototypical . . . example" of a fax that does *not* supply a "direct mechanism" by which the sender would profit if the offer is accepted, but is nevertheless an "advertisement" because the required "nexus" existed between the fax and the defendant's business. *Pulse8*, 105 F.4th at 571.

In this case, PDR's bid for summary judgment is based on the same argument that the Fourth Circuit rejected in *Pulse8*: the assertion that the Fax in this case cannot be an advertisement unless there is a "direct profit" to PDR when a fax recipient accepts a free eBook. (Doc. 136, PDR Supp. Br. at 3, n.3). PDR's Supplemental Brief, like its earlier summary-judgment briefs, purports to quote *PDR Network VI*, 80 F.4th at 477, for this supposed "direct profit" language. (*Id.*; *see also* Doc. 127, PDR Mem. Supp. Mot. Summ. J. at 13 (arguing there is a "direct profit" requirement, quoting *PDR Network VI*, 80 F.4th at 477); Doc. 129, PDR Reply Supp. Mot. Summ. J. at 8 (same)).

The phrase "direct profit" does not appear in *PDR Network VI* at the page cited by PDR, 80 F.4th at 477. The phrase "direct profit" does not appear anywhere in the opinion. *See id.* at 466–479. That makes sense because *PDR Network VI* says the opposite of what Defendants claim: it holds that "advertise" is commonly understood to mean that the speaker "hopes to make a profit, directly *or indirectly*." *PDR Network VI*, 80 F.4th at 473 (emphasis added).

Applying the "commercial nexus" test required by *Pulse8* and *PDR Network VI*—rather than Defendants' unsupported "direct profit" test—Defendants' motion for summary judgment

must fail. The record in this case reveals a "commercial nexus" between the Fax and Defendants' business that is stronger than the nexus in *Pulse8* or in *Boehringer*. Part of Defendants' business model is to "distribute" the *Physicians Desk Reference*, including the 2014 eBook, given that the pharmaceutical companies are not simply "paying to have their drugs listed in the PDR," but are also paying PDR "to put the Physicians' Desk Reference in the hands of healthcare providers." (Doc. 126-2, Deposition of B. Senich ("Senich Dep.") at 39:11–13; *id.* at 39:15 ("Yes."); *see also id.* at 38:16)). In contrast, the defendant in *Pulse8* was not in the business of putting on free webinars regarding behavioral health coding, *Pulse8*, 105 F.4th at 572, just as the defendant in *Boehringer* was not in the business of putting on free seminars regarding pharmaceutical drugs, *Boehringer*, 847 F.3d at 97. Here, PDR is in the business, in part, of distributing the eBook to fax recipients like Plaintiff. That "commercial nexus" demonstrates that the Fax is an "advertisement" under *Pulse8* and *PDR Network VI*. At the very least, PDR is not entitled to summary judgment on that issue.

## Conclusion

The Court should deny Defendants' Motion for Summary Judgment and grant any other relief the Court deems appropriate.

Respectfully submitted,

CARLTON & HARRIS CHIROPRACTIC, INC.
individually and as the representative of a class of similarly-situated persons,

*s/ Glenn L. Hara*
Glenn L. Hara – *Pro hac vice admitted*
Ryan M. Kelly – *Pro hac vice admitted*
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

3

        ghara@andersonwanca.com
        rkelly@andersonwanca.com


By: s/ *D. Christopher Hedges*
D. Christopher Hedges – WVSB#7894
**CALWELL LUCE DITRAPANO PLLC**
500 Randolph Street
Charleston, WV 25302
Telephone: 304-343-4323
Fax: 304-344-3684
chedges@cldlaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ *Glenn L. Hara*
Glenn L. Hara
